```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA

R. PATRICK SHARP, III, as                        CIVIL ACTION
DISTRIBUTION TRUSTEE FOR THE
DISTRIBUTION TRUST OF EVANS INDUSTRIES, INC.

VERSUS                                           NO. 07-8002

JANICE E. HAMILTON,                              SECTION "F"
GARY V. HAMILTON, RONALD J. EVANS,
GARY ROERIG, LANCE HAMBY, and ACE
AMERICAN INSURANCE COMPANY, a/k/a ACE USA
```

ORDER AND REASONS

Before the Court is defendants' motion to abstain. For the reasons that follow, the motion is DENIED.

**Background**

On April 25, 2006, Evans Industries, Inc. filed for Chapter 11 protection in the bankruptcy court for the Eastern District of Louisiana. The distribution trust of Evans was established by Evans' confirmed plan of reorganization.

On August 28, 2007, the Trustee sued Janice E. Hamilton, Gary V. Hamilton, Ronald J. Evans, Gary Roerig, and Lance Hamby for alleged acts, errors, and omissions as Evans' partners, agents, employees, and vice principals; the Trustee also asserted claims against Evans' insurer, Ace American Insurance Company for acts committed prior to and after Evans' Chapter 11 filing. The Trustee filed this identical lawsuit first in state court in Jefferson Parish and, then, 21 minutes later in this Court. There is no

1

dispute that the parties are identical and the claims, which are based on both state and federal law, are also identical. Even the stage of litigation in the state and federal proceedings is identical: nothing more than answers have been filed (with the exception of the present motion).

The defendants now request that this Court abstain in deference to the proceedings in state court.

I.

Federal courts have a "virtually unflagging" obligation to exercise the jurisdiction granted to them. Colo. River Water Conservation Dist. V. United States, 424 U.S. 800, 817, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). Accordingly, the mere "pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." Id. (quoting McClellan v. Carland, 217 U.S. 268, 282, 30 S.Ct. 501, 54 L.Ed. 762 (1910)). In "extraordinary and narrow" circumstances, however, a district court may abstain from exercising its jurisdiction. Id. at 813 (noting that "[a]bstention from the exercise of federal jurisdiction is the exception, not the rule").

As a threshold matter, a stay of federal proceedings under Colorado River may only even be considered when the federal and state cases are parallel, which means having the same parties and same issues. See Stewart v. Western Heritage Ins. Co., 438 F.3d 488, 491 (5th Cir. 2006). Once it is determined that the state and

federal cases are parallel, the Court must determine if "exceptional circumstances" warrant abstention by applying six[1] relevant factors:

> (1) assumption by either court of jurisdiction over a res,
> (2) relative inconvenience of the forums,
> (3) avoidance of piecemeal litigation,
> (4) the order in which jurisdiction was obtained by the concurrent forums,
> (5) to what extent federal law provides the rules of decision on the merits, and
> (6) the adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction.

Id. (citations omitted). "[T]hese factors [are not applied] mechanically, but carefully balance[d]...'with the balance heavily weighted in favor of the exercise of jurisdiction.'" Id. (quoting Moses H. Cone Mem'l Hosp. V. Mercury Constr. Corp., 460 U.S. 1, 16, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983)).

Applying these factors makes clear that this case is not an exceptional one warranting abstention from exercise of this Court's jurisdiction.[2]

(1) Res at Issue

It is undisputed that neither the state nor federal court has

---

[1] The Supreme Court announced the first four factors in Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976) and the last two in Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 8-13 (1983).

[2] As an initial matter, the Court notes that the parties do not dispute that the state and federal cases are identical and, therefore, parallel. Thus, the Court may proceed to determine whether abstention is warranted.

assumed jurisdiction over any res in this case.  The absence of this factor is not "a neutral item, of no weight in the scales." Id. At 492 (quoting Evanston Ins. Co. V. Jimco, Inc., 844 F.2d 1185, 1191 (5th Cir. 1988)).  Rather, this factor actually weighs in favor of exercising federal jurisdiction.  See id.

(2) Inconvenience Between Forums

Here, both the federal and state courts are in the same geographic location.  This factor therefore weighs against abstention and supports exercise of this Court's jurisdiction.  See id.

(3) Avoidance of Piecemeal Litigation

The defendants insist that the desirability of avoiding piecemeal litigation weighs heavily in favor of abstention "since proceeding in two (2) forums will be costly and a waste of judicial time."  The defendants' concern, however, speaks to the duplicative nature of the litigation, which is not the same as a concern to avoid piecemeal litigation.  See id. ("While duplicative litigation is permitted, Colorado River prevents 'piecemeal litigation, and the concomitant danger of inconsistent rulings with respect to a piece of property'") (citation omitted).  Mere "prevention of duplicative litigation is not a factor to be considered in an abstention determination." Evanston Ins. Co. V. Jimco, Inc., 844 F.2d 1185, 1192 (5th Cir. 1988) (citing Colorado River, 424 U.S. at 817, 96 S.Ct. 1236)).  Because the state and federal cases involve

identical parties and issues, the potential problem of inconsistent judgments may be obviated through a plea of res judicata if one court renders judgment before the other.  See Stewart, 438 F.3d at 492.  This factor weighs against abstention.[3]

(4) The Order In Which Jurisdiction Was Obtained

Because the state court suit was filed 21 minutes before the federal suit, the defendants contend that this factor weighs in favor of abstention.  The Court disagrees.  Application of this factor turns on the relative progress that has made in the respective cases.  See id.  "The priority element of the Colorado River/Moses H. Cone balance 'should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions.'"  See Murphy v. Uncle Ben's, Inc., 168 F.3d 734, 738 (5th Cir. 1999) (quoting Evanston, 844 F.2d at 1190).  Here, the state and federal suits were filed on the same day and are in identical stages of litigation; defendants have filed answers to the petition and the complaint.

(5) Application of Federal Law/Rule of Decision

The identical state and federal suits require application of

---

[3] Even if somehow the defendants could show that the litigation was piecemeal and not simply duplicative, this standing alone would be insufficient to create the exceptional circumstances necessary to warrant a stay of these federal proceedings.  See id. (finding that the district court abused its discretion in staying federal litigation when avoidance of piecemeal litigation was the only factor weighing in favor of abstention).

5

both federal and state law.[4]  "The presence of a federal law issue 'must always be a major consideration weighing against surrender [of jurisdiction],' but the presence of state law issues weighs in favor of the surrender only in rare circumstances." Evanston, 844 F.2d at 1193 (quoting Moses H. Cone, 460 U.S. at 26, 103 S.Ct. 927).  Because both of these cases will require application of both federal and state law, this factor weighs against abstention. Murphy, 168 F.3d at 739.

None of the relevant factors favors abstention.[5]  Accordingly, the defendants' motion to abstain is DENIED.

New Orleans, Louisiana, March 25, 2008.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[4] The Trustee outlines his claims as follows: (1) waste, negligence, and gross negligence of officers and directors; (2) breach of duties of Trustee by officers and directors of debtor-in-possession (11 U.S.C. §§ 704, 1106, and 1107); (3) breach of trust fund duties by Evans' directors and officers; (4) breach of fiduciary duties by Evans' directors and officers; (5) violation of automatic stay for making unauthorized post-petition transactions (11 U.S.C. § 362); (6) avoidance and recovery of fraudulent transfers (11 U.S.C. §§ 544, 548, 550 and La. Civ.Code art 2036); (7) conspiracy, (8) unjust enrichment, and (9) constructive trust.

[5] The sixth factor -- adequacy of state proceedings in protecting the rights of the party invoking federal jurisdiction -- is at best neutral, given that the plaintiff is the party that invoked both the state proceedings and the federal proceedings. There is no suggestion by either side that the state court would not adequately adjudicate this case. See id. ("[t]his final consideration can only be 'a neutral factor or one that weighs against, not for, abstention'").